IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISABEL ARANA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-0750-D |
| VS. § | |
| § | |
| ALLSTATE TEXAS LLOYDS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this diversity-jurisdiction case in which the removing defendant maintains that the citizenship of the Texas-citizen defendant should be disregarded based on improper joinder, plaintiff's motion to remand turns on what pleading standard controls. Concluding that the plaintiff is not required, as the removing defendant contends, to plead a plausible claim under the standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and that the removing defendant has failed to meet its heavy burden of establishing improper joinder, the court grants plaintiff's motion to remand.

I

Plaintiff Isabel Arana ("Arana"), a Texas citizen, brings suit based on the handling of her insurance claim regarding damage to her property from a windstorm and hail. Arana's property was insured by defendant Allstate Texas Lloyds ("Allstate"), an unincorporated insurance association whose underwriters are all citizens of states other than Texas. Defendant Randy Patrick, a Texas citizen, served as Allstate's adjuster for Arana's claim.

He conducted an investigation of the damages and submitted an estimate of the damages. Based on this estimate, Allstate offered a settlement of $12,000. Arana maintains that this offer is inadequate because the amount of her damages exceeds $44,000.

Arana filed suit in Texas state court against Allstate and Patrick. Arana asserts claims against both defendants for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011), and for breach of duty of good faith and fair dealing, fraud, conspiracy, and aiding and abetting. She sues Allstate alone for breach of contract, and sues Patrick alone for negligence, gross negligence, and negligent misrepresentation.

Allstate removed the case to this court on the basis of diversity of citizenship, contending that Patrick has been improperly joined. Arana moves to remand on the ground that Patrick is properly joined. Allstate opposes the motion.[1]

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

---

[1]Arana has not filed a reply brief in support of her motion. Because the time to do so has elapsed, her remand motion is now ripe for disposition.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. Moreover, in determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted). The summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits. *Id.* at 573-74.

- 4 -

III

A

Allstate does not challenge the premise that Arana can recover against Patrick on at least one state-law claim. *See* D. Resp. Br. 3 ("Defendants do not dispute that it is possible to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an individual adjuster."). Instead, Allstate denies "that there is any possibility of recovery against Patrick based on the facts pled in Plaintiff's Original Petition." *Id.* Allstate interprets *Smallwood* to hold that, when determining whether Patrick has been improperly joined, the court must subject Arana's original petition to scrutiny under the Rule 12(b)(6) pleading standard set out in *Twombly*. Under *Twombly* a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Allstate's ability to meet its heavy burden of establishing improper joinder pivots on the threshold question whether Arana's original petition is evaluated under a *Twombly*-like pleading standard or under the Texas notice pleading standard, the court turns first to this question.

B

Although Allstate's position is supported by some district courts in the Fifth Circuit,[2] the undersigned, since first deciding the question, has consistently rejected the premise that improper joinder is decided under the *Twombly* standard. *See Parsons*, 2012 WL 5844188,

---

[2]*See, e.g., Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678, at *7 (S.D. Tex. Mar. 27, 2012) ("This Court has required a plaintiff to satisfy Rules 8, 9, and 12(b)(6) and *Twombly*, to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer.").

at *3; *Chieftain Int'l (U.S.), Inc. v. Endeavour Oil & Gas, Inc.*, 2012 WL 2847738, at *2 (N.D. Tex. July 11, 2012) (Fitzwater, C.J.); *Windle v. Synthes USA Prods., LLC*, 2012 WL 1252550, at *4 (N.D. Tex. Apr. 13, 2012 (Fitzwater, C.J.); *Sutton v. Airsep Corp.*, 2012 WL 253959, at *3 (N.D. Tex. Jan. 27, 2012) (Fitzwater, C.J.); *Aucoin v. Comerica Sec., Inc.*, 2008 WL 4601129, at *3 (N.D. Tex. Oct. 15, 2008) (Fitzwater, C.J.); *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.). In *Warren* the court reasoned that because "state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of Warren's complaint under Texas' notice pleading standard." *Warren*, 2008 WL 4133377, at *4.[3] The question therefore becomes whether this court's position has been undermined by binding Fifth Circuit authority. The court holds that it has not.

In reaching this conclusion, the court begins with two important premises: first, the improper joinder standard is not explicitly tied to the pleading standard of Rule 12(b)(6); and, second, the Fifth Circuit's *en banc* decision in *Smallwood* was issued before the Supreme

---

[3]Allstate relies on *Weldon Contractors, Ltd. v. Fireman's Fund Insurance Co.*, 2009 WL 1437837 (N.D. Tex. May 22, 2009) (McBryde, J.), in opposition to Arana's motion, contending that "[t]he allegations contained in Plaintiff's petition in this case are very similar to the allegations contained in [*Weldon Contractors*]." D. Resp. Br. 6. In *Weldon Contractors* Judge McBryde "acknowledge[d] that numerous district courts in Texas, including those in the Northern District, have remanded cases to state court under similar circumstances." *Weldon Contractors*, 2009 WL 1437837, at *4. Among the cases he cited as not controlling and factually distinguishable was the undersigned's decision in *Warren. See id.* Although Allstate's reliance on *Weldon Contractors* is reasonable, the fact is that district judges within this circuit have reached differing conclusions on the question whether improper joinder is to be evaluated under the *Twombly* pleading standard. The undersigned's view is reflected in today's opinion and in several that have preceded it.

Court in *Twombly* clarified that Rule 8 involves a heightened standard for pleading a plausible claim.

The Fifth Circuit has described the similarity between the standards for improper joinder and Rule 12(b)(6), but it has not equated them. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002) ("Although we apply somewhat different standards in deciding whether [a nondiverse defendant] was [improperly] joined and whether plaintiffs have stated a claim, the jurisprudence is sufficiently similar and the issues sufficiently interrelated that we can address them together."); *Travis*, 326 F.3d at 648-49 (explaining that test for improper joinder "appear[s] similar" to pre-*Twombly* pleading standard, but also noting that improper joinder analysis has greater scope of inquiry in being able to pierce pleadings and consider summary judgment-type evidence). Nor did *Smallwood* equate the standards. To be sure, *Smallwood* stated that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. But this was a statement of *sufficiency*, not of *necessity*. *Smallwood* did not say that improper joinder is determined by evaluating under the Rule 12(b)(6) standard whether the plaintiff has stated a claim on which relief can be granted. The standard instead is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

Furthermore, *Smallwood* was decided before *Twombly*. Under the pre-*Twombly* test

of *Conley v. Gibson*, 355 U.S. 41 (1957), a complaint could withstand a Rule 12(b)(6) motion unless the court concluded that the plaintiff could prove no set of facts entitling him to relief. *See id.* at 445-46; *see Great Plains Trust*, 313 F.3d at 313. Therefore, when *Smallwood* stated that ordinarily there is no improper joinder "if a plaintiff can survive a Rule 12(b)(6) challenge," it did so in the context of the *Conley*, not *Twombly*, pleading standard.[4]

Nor has the Fifth Circuit issued binding precedent that alters this court's consistent rejection of the *Twombly* standard as controlling the determination of improper joinder. In two unpublished opinions, the Fifth Circuit applied the Texas pleading standard without expressly equating the improper joinder pleading standard with the Texas standard. *See Akerblom v. Ezra Holdings Ltd.*, ___ Fed. Appx. ___, 2013 WL 363112, at *4, 6-7 (5th Cir. Jan. 28, 2013) (per curiam) (applying Texas notice pleading standard in improper joinder analysis, but without explaining why); *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 536-41 (5th Cir. 2005) (applying *Smallwood*, pre-*Twombly*, and Texas pleading

---

[4]Allstate also maintains that, according to *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999), Arana must plead actionable facts and demonstrate more than the mere possibility of a valid claim. D. Resp. Br. 4 (citing *Griggs*, 181 F.3d at 699, 701-02). Allstate cites the portion of *Griggs* that holds that a plaintiff must demonstrate more than "the mere hypothetical possibility that such an action could exist. To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. To the extent, if any, that this standard differs from the one established in the Fifth Circuit's *en banc* decision in *Smallwood*, *Smallwood* controls. *Smallwood* did not use the formulation of *Griggs*, including the requirement of a "factual fit," when describing the requirement for pleading sufficiency. And in *Smallwood*, after stating the formulation of the pleading standard, the *en banc* court explicitly held: "[t]o reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not." *Smallwood*, 385 F.3d at 573.

standards as if interchangeable).

Accordingly, the court rejects Allstate's reliance on the *Twombly* pleading standard in assessing whether Allstate has satisfied its heavy burden of establishing improper joinder.

IV

The court now turns to the question whether Allstate has met its heavy burden of proving improper joinder. *See Smallwood*, 385 F.3d at 576 ("When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper.").

A

Arana alleges claims against Patrick for violations of the Texas Insurance Code and the DTPA, breach of duty of good faith and fair dealing, fraud, conspiracy, aiding and abetting, negligence, gross negligence, and negligent misrepresentation. As noted, Allstate does not dispute that Patrick as an adjuster can be held individually liable under Chapter 541 of the Texas Insurance Code; instead, it argues that Arana's original petition fails to show any possibility of recovery against Patrick based on the facts pleaded.

B

Arana alleges that Patrick acted as Allstate's agent and adjusted her claim "by investigating, processing, evaluating, approving, and/or denying, in whole or in part, [her] claim." Pet. 3. She asserts that Patrick "improperly adjusted [her] claim," that he "conducted a substandard inspection, which is evidenced in his report, which failed to include many of

[her] damages. His estimate did not allow adequate funds to cover repairs to restore [her] home." *Id.* And she avers that the wind and hail damages exceeded $44,000, but Patrick estimated the damages at approximately $12,000.

Chapter 541 of the Texas Insurance Code authorizes actions against insurance adjusters in their individual capacities. *Warren*, 2008 WL 4133377, at *3 (citing *Gasch*, 491 F.3d at 282). Arana alleges violations of, among other provisions, § 541.060(a)(2), which defines as an unfair settlement practice "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear[.]" Tex. Ins. Code Ann. § 541.060(a)(2) (West 2009). Applying the Texas notice pleading standard,[5] the court holds that Arana's petition establishes a reasonable basis for the court to predict that Arana might be able to recover against Patrick for failure to attempt in good faith to effectuate a fair and equitable settlement, in violation of § 541.060(a)(2). Arana alleges that the settlement amount was improperly low. Adjusters play a role in the investigation, estimation, and settlement of insurance claims. *See Warren*, 2008 WL 4133377, at *5 (explaining that insurance adjusters "'engage[] in the business of insurance by investigating, processing, evaluating, approving, and denying claims'" (quoting *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D.

---

[5]"Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). A pleading can contain legal conclusions as long as fair notice is given to the opponent by the allegations as a whole. *See* Tex. R. Civ. P. 45(b).

Tex. 2002))). Patrick allegedly conducted a substandard inspection, failing to include many of Arana's damages, which resulted in the estimation that underlay the settlement offer for her insurance claim. Accordingly, there is a reasonable basis to predict that Arana might be able to establish that Patrick failed to attempt in good faith to effectuate a fair and equitable settlement.[6] Because the court concludes that the petition sufficiently states a claim against Patrick for violating § 541.060(a)(2), it need not address the viability of Arana's other claims against Patrick. *See Landor v. State Farm Lloyds*, 2013 WL 1746003, at *3 (N.D. Tex. Apr. 23, 2013) (Lynn, J.) (holding that allegations created reasonable possibility "that Plaintiff could prevail on at least *one* of her claims" against nondiverse defendant, and thus, "[i]n light of this conclusion, the Court need not analyze the viability of Plaintiff's other causes of action").[7]

---

[6]Allstate maintains that Arana's allegations are conclusory. To the extent they are, Allstate's argument is based on *Twombly*'s heightened pleading standard, which is inapplicable in the improper joinder context. *See supra* § III. In holding that Arana's allegations are sufficient to provide a reasonable basis for predicting possible recovery under Texas law, the court acts in accord with the bulk of these type of cases. *See Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, at *9 (S.D. Tex. Dec. 8, 2010) (collecting cases and stating that "courts in [the Southern District of Texas] have found that similar combinations of limited factual allegations and conclusory legal statements provide a reasonable basis for predicting recovery under Texas law"); *Warren*, 2008 WL 4133377, at *4; *Landor v. State Farm Lloyds*, 2013 WL 1746003, at *2-3 (N.D. Tex. Apr. 23, 2013) (Lynn, J.).

[7]The court does not suggest that any other claim asserted against Patrick is or is not viable. This is a question the court need not reach.

C

Because the petition is sufficient to defeat Allstate's assertion of improper joinder, the court next considers whether Allstate has introduced summary judgment-type evidence that supports the conclusion that Patrick has been improperly joined. *See Smallwood*, 385 F.3d at 573. The court will assume *arguendo* that this inquiry is proper. *See id.* at 573-74 ("[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant[.]") & 574 (holding that court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits").

Allstate has not introduced any evidence that relates to liability. It contends, however, that the fact that Arana obtained a citation for serving process on Patrick but has not yet served him supports the conclusion that he was joined for the purpose of depriving this court of jurisdiction.

The court has found no case, and Allstate does not cite one, in which a court has held that proof of the failure to serve process on the nondiverse defendant is alone sufficient to satisfy the heavy burden of establishing improper joinder. *Cf. Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (concluding there had been improper joinder where, in addition to insufficient pleadings, plaintiff did not attempt to serve nondiverse defendant); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (same); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, 2008 WL 4533729, at *3, 5-6 (E.D. Tex. Sept. 29, 2008) (same); *Warren*, 2008 WL 4133377, at *4-5

(rejecting improper joinder argument where pleadings were sufficient and "there [was] no evidence in the record that [plaintiff] did not serve [nondiverse defendant] with the petition, an omission that would tend to establish improper joinder"). And Allstate does not argue that Arana would be precluded by law or by rule from serving Patrick following a remand to state court.

Accordingly, although Arana has not served Patrick, Allstate cannot rely on this fact alone to meet its heavy burden of establishing improper joinder.

\* \* \*

Arana's March 22, 2013 motion to remand is granted. The court concludes that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 193rd Judicial District Court, Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

May 17, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE